# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **ADRIAN NATHANIEL BACON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00089 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN RANDALL MATHENA,** | ) | By: James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Adrian Nathaniel Bacon, Pro Se Plaintiff.*

Plaintiff Adrian Nathanial Bacon, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison officials punished him for exercising his religious beliefs by placing him under the restrictive conditions of the prison's hunger strike protocol. After review of the record, I conclude that Bacon's Complaint must be summarily dismissed as malicious.

Bacon alleges that on October 20, 2014, he was fasting as required by an unspecified tenant of his Shi'a Muslim religious beliefs. A group of Red Onion State Prison administrators and officers determined that Bacon should be placed on Hunger Strike Protocol. Under this protocol, officials placed Bacon on "strip cell" status for thirty-two hours, wearing nothing but his boxer shorts. No one provided

him with a mattress, and trying to sleep on a cold, steel cot caused him lower back pain for which he later received medication.

Bacon filed a prior Complaint about these same events in this court in the case styled *Bacon v. Mathena*, No. 7:14CV00612. In this prior Complaint, Bacon stated substantially the same facts and sued a similar list of defendants, claiming that officials had interfered with his religious fast and imposed cruel and unusual punishment. I summarily dismissed that case without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Specifically, I found that Bacon's factual allegations did not state any actionable constitutional claim under the First Amendment, *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987), or Eighth Amendment claim. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Despite my ruling that his facts regarding the Hunger Strike incident did not rise to constitutional proportions Bacon has filed another lawsuit against prison officials without any substantial change in his allegations. He relies on labels and generalizations rather than stating facts.

Under § 1915A(b)(1), I am required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if I determine that the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." For the reasons stated in my Opinion in Bacon's prior case, I find that his current complaint fails to state any actionable claim under § 1983 against the

defendants. Furthermore, his duplicative claims and the tone of this Complaint clearly reflect Bacon's intent to harass the defendants for events Bacon believes were unfair, but which he knows (from my prior opinion) do not support any claims of constitutional significance. Therefore, I also find under § 1915A(b)(1) that this lawsuit is malicious.[1]

For the stated reasons, I find that this action must be summarily dismissed, pursuant to § 1915A(b)(1), as malicious and for failure to state a claim.

A separate Final Order will be entered herewith.

DATED:   April 23, 2015

/s/  James P. Jones
United States District Judge

---

[1] *See, e.g., Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (affirming summary dismissal of prisoner's civil rights complaint, based on his "past litigious conduct" and his religitation of claims already decided).